IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10531
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

versus

VERNARDE COTTON,

                                            Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:88-CR-70-1-R
- - - - - - - - - -

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Vernarde Cotton appeals the district court's denial of his motion to correct his sentence pursuant to Fed. R. Crim. P. 35(a)(version applicable to offenses committed prior to Nov. 1, 1987).  We originally remanded the case to the district court for a determination whether Cotton's untimely notice of appeal should be excused for good cause.  The district court found good cause.

After he pleaded guilty to three counts of bank robbery in 1987, the district court sentenced Cotton to a pre-guidelines

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of 60 years of imprisonment. The court eventually reduced Cotton's sentence to time-served plus three, concurrent, five-year terms of probation. After Cotton violated his probation, the court sentenced him to 40 years of imprisonment.

Cotton raises a plethora of challenges to the district court's sentencing orders. However, to obtain the relief he seeks, Cotton must show that his sentence exceeded the court's statutory authority and was therefore a legal nullity. See United States v. Henry, 709 F.2d 298, 308 (5th Cir. 1983).

Upon the revocation of Cotton's probation, the district court could require Cotton to serve the sentence originally imposed or any lesser sentence which might originally have been imposed. See 18 U.S.C. § 3653 (version applicable to offenses committed prior to Nov. 1, 1987); United States v. Olivares-Martinez, 767 F.2d 1135, 1139 (5th Cir. 1985). Thus, Cotton's sentence of 40 years of imprisonment was not unauthorized and the district court did not err by denying Cotton's Rule 35(a) motion. The judgment of the district court is AFFIRMED. Cotton's motion to amend and supplement his reply brief out of time is DENIED.

AFFIRMED. MOTION DENIED.